THE STATE, EX REL. THOMAS J. O'REARDON, RELATOR, v. C. FRANKLIN WILSON, JUDGE OF THE COURT OF QUARTER SESSIONS OF THE COUNTY OF MORRIS, RESPONDENT.

---

THE STATE, EX REL. DAVID CONKLING, RELATOR, v. C. FRANKLIN WILSON, JUDGE OF THE COURT OF QUARTER SESSIONS OF THE COUNTY OF MORRIS, RESPONDENT.

---

THE STATE, EX REL. MAX REIDLER, RELATOR, v. C. FRANKLIN WILSON, JUDGE OF THE COURT OF QUARTER SESSIONS OF THE COUNTY OF MORRIS, RESPONDENT.

---

THE STATE, EX REL. JOHN P. WALSH, RELATOR, v. C. FRANKLIN WILSON, JUDGE OF THE COURT OF QUARTER SESSIONS OF THE COUNTY OF MORRIS, RESPONDENT.

---

THE STATE, EX REL. FREDERICK HUBERT, RELATOR, v. C. FRANKLIN WILSON, JUDGE OF THE COURT OF QUARTER SESSIONS OF THE COUNTY OF MORRIS, RESPONDENT.

---

THE STATE, EX REL. DANIEL ALLEN, RELATOR, v. C. FRANKLIN WILSON, JUDGE OF THE COURT OF QUARTER SESSIONS OF THE COUNTY OF MORRIS, RESPONDENT.

---

THE STATE, EX REL. ARTHUR J. McDONNELL, RELATOR, v. C. FRANKLIN WILSON, JUDGE OF THE COURT OF QUARTER SESSIONS OF THE COUNTY OF MORRIS, RESPONDENT.

---

THE STATE, EX REL. EDWARD L. CLARK, RELATOR v. C. FRANKLIN WILSON, JUDGE OF THE COURT OF QUARTER SESSIONS OF THE COUNTY OF MORRIS, RESPONDENT.

Submitted November 1, 1925—Decided March 1, 1926.

**Salaries—Mandamus to Secure Certification of Salaries of Employes of Prosecutor's Office—Common Pleas Judge's Failure to Certify When Supreme Court Justice Had Secured the Attendance of a Special Attorney General Upon the Criminal Business—Alternative Writ to Determine Whether Failure was Due to Doubt About Reasonableness of Charges or Regarding Authority to so Certify.**

On rule to show cause why a *mandamus* should not issue.

Before Justices Trenchard, Katzenbach and Lloyd.

For the relators, *Elmer W. Romine.*

Per Curiam.

In these eight cases the several relators hold a rule requiring C. Franklin Wilson, judge of the Court of Quarter Sessions of the county of Morris, to show cause why a peremptory or alternative writ of *mandamus* should not be issued enjoining him to certify and approve for payment the several bills of the several relators, employes of the prosecutor's office of the county of Morris, for the months of April, May and a portion of June, 1925, which bills were endorsed and approved by James H. Bolitho, prosecutor of the pleas for Morris county.

Each rule ordered that both parties have leave to take depositions on notice.

Each relator took depositions which are printed in the record. The respondent took no depositions, nor was any evidence taken in his behalf, and he has filed no brief.

The depositions establish that the bills of the several relators were certified by Mr. Bolitho in the form prescribed by section 95 of the Criminal Procedure act (*Comp. Stat., p.* 1850) to be for necessary expenses incurred in the performance of the duties of his office as prosecutor that the items charged are correct, that the services have been performed; that the same is just and true, that the amount claimed is

due and owing claimant, and that the contention is that the judge should be directed to approve the same.

It seems further to be clearly established by the depositions that the judge either refused to approve, or failed upon request to approve, all of such bills, and the question at once arises as to the reason for his action. Searching the record we find no definite answer to that question. With respect to most of the cases, the nearest approach to a definite reason is the testimony of Mr. Bolitho, that "Judge Wilson was satisfied, *so far as he intimated to me,* that the work was done, and that the bills should have been approved as all other bills had been submitted by these men for similar services, *but I thought from the attitude* of Judge Wilson that he believed that his authority in the county had been interfered with."

With respect to one of the cases we have in addition the above, the deposition of the relator, that "the *principal reason* was because Mr. Jayne had been appointed to come into the county, and claimed that he had charge of the criminal business."

With respect to one other case we have the deposition of the relator to the same effect as that last given.

In this state of the record, and in the absence of anything to show definitely whether the judge failed to approve the bills because he was not satisfied as to the reasonableness of the means employed and the necessity of the expenses incurred, or because he doubted his own authority or the prosecutor's authority by reason of the request made by Mr. Justice Parker, and the designation of Mr. Jayne by the attorney-general to prosecute the criminal business of the state in the county, is not clear.

Whereas here on an application for *mandamus,* no well-defined issue is raised; in order that such issue may be raised, an alternative writ, to which a return may be made, will be allowed.

An alternative writ of *mandamus* is allowed accordingly.